———o———

5432.

(Court of Appeal, Parish of Orleans.)

## CITY BANK AND TRUST COMPANY vs. J. W. GREENE, ET AL.

In the City Courts of New Orleans, the only means whereby a defendant may escape liability for costs is by showing either that a tender of the amount due was made by him prior to the institution of the suit as required by C. P. 1094 and 1095, or that such tender was waived.

Appeal from the First City Court, Division "A."

Dart, Kernan & Dart, Thos. G. King, for plaintiff and appellee.

J. J. Ritayik, for defendant and appellant.

GODCHAUX, J.—This case has been referred to the Court **en banc** upon the following agreed statement of facts:

"On January 29, 1908, the City Bank & Trust Company placed with Dart, Kernan & Dart, attorneys, for collection, a check or draft drawn by John W. Greene and endorsed by Henry J. Ledoux, for $45.00, together with $3.25 protest fees, five per cent per annum interest from date of draft and ten per cent attorney's fees on the whole amount. On the same day the said attorneys made demand upon the defendants for payment of said draft.

"At frequent intervals between these dates and the day on which suit was filed, namely, on or about May 13, 1911, many demands upon the defendants for payment were made and during said period the said debt was reduced by partial payments by way of two checks, one in favor of said attorneys (and endorsed in favor of and forwarded to the bank without any record thereof being made) and one in favor of the bank, reducing the debt to $12.50 plus protest fees, interest and costs.

"On April 11, 1911, the said attorneys made the last demand for payment, before entering suit, said letter having been offered in evidence by Mr. Ritayik, attorney for defendants. That letter stated the amount due as $12.50 plus interest, costs and protest fees. The petition filed prayed for judgment in the sum of $45.00 plus $3.25 pro-

test fees, five per cent interest on the whole amount from January 14, 1908, until paid, ten per cent attorneys' fees and costs of suit.

"After service on defendants, Mr. Ritayik, over the telephone, offered to pay Mr. H. P. Dart, Jr., the sum of $12.50 plus all interest, protest fees, attorneys' fees and costs with the exception of $2.00 costs, Mr. Ritayik contending that plaintiff was entitled to only $1.00 filing fee instead of $3.00, which Mr. Dart, over the telephone declined to accept. Thereafter, answer was filed, admitting the defendants were indebted to the bank in the sum of $12.50 plus $3.25 protest fees and clerk's costs in the sum of $1.00 and averring a tender to that effect. A second offer just prior to trial was made by defendant, covering all costs, protest fee, attorneys' fee, interest and claim, $12.50, except the sum of $2.00 aforesaid, which was again peremptorily refused, the cashier of the bank being present at the time the last offer was made. It is admitted the offer was made to counsel and not to plaintiff direct.

"The lower Judge rendered judgment in favor of the plaintiff in the sum of $12.50 plus $3.25 protest fees, five per cent interest and costs of suit, as will appear from the transcript of appeal.

"At the trial in the lower Court, plaintiff offered in evidence the draft, and defendants offered the two checks cancelled, representing the payments on account. There was argument before the lower Judge as to who should pay the clerk's costs for filing a suit for $45.00 instead of the clerk's costs for filing a suit for $12.50 plus $3.25 protest fees, it being admitted the clerk's costs for filing a suit for $12.50 or for any amount below $20.00 is the sum of $1.00. Judge Renshaw said orally, although he did not specify in his written judgment, that the costs

followed the judgment and he thought the defendants were bound to pay the entire costs expended by plaintiff.

"At the first trial in this Court, before St. Paul, J., on appeal from the judgment, Mr. Dart testified that the filing of a suit for $45.00 instead of a suit for $12.50 plus protest fees, attorney's fees, interest and costs was due to an error on his part. He stated that the error was an honest one and not prompted by any malice against defendants.

"Mr. Dart further testified that the error was due to his having mislaid the file of papers, having only the original draft or check before him when drawing the petition, and also to the fact that from January, 1908, to April, 1911, the claim had been handled by Mr. W. K. Dart, another member of the firm of Dart, Kernan & Dart.

"It is undisputed that no offer or tender was made to the plaintiff or counsel by the defendants prior to the institution of the suit, nor was any consignment or deposit made in court at any time."

Upon the foregoing facts defendant complains that the judgment is erroneous in so far as it condemns him generally for the costs, his contention being that his liability for costs should have been restricted to such as were legally incurred up to the time of his alleged tender to plaintiff after the suit was filed.

Inquiry need not be made into the questions raised by the parties as to the sufficiency in amount of this alleged tender or as to whether the formalities of a legal tender had been complied with by defendant or had been waived by plaintiff, for the Court is of the opinion that even if a legal tender had been formally made after the suit was filed the effect thereof would not be, as defendant contends, to free him from liability or costs thereafter incurred.

The rule is different in the District Courts which permits a defendant to limit his liabilty for costs by a formal tender during the pendency of the suit, but with respect to the Justices' Courts and the City Courts of New Orleans, the Code of Practice contains the following specific provisions:

"1094. If it be proved to the justice that before the commencement of the suit the defendant has offered to the plaintiff, **in the presence of a credible witness**, to pay the sum or thing claimed by him, the justice, in pronouncing judgment in favor of the plaintiff, shall sentence him to pay the costs, and shall allow him no interest, except such as had accrued before the offer.

"1095. **Except** in the cases where offers have been made, **as provided above**, the party cast shall always pay the costs, although the judgment be for a smaller sum than was claimed."

The Code of Practice contains no other provisions as to tender with respect to actions in these Courts, and the language employed in the sections quoted clearly and unmistakably conveys the meaning that unless a tender of the amount due is made **before suit** and in the manner therein specified, "the party cast shall always pay the costs."

It is not pretended that a tender was either made or waived prior to suit, and consequently the judgment appealed from properly condemned the defendant for costs.

The amount of costs for which defendant is liable is not fixed in the judgment and is not properly before us for review. Consequently no opinion need presently be expressed with respect thereto.

The judgment appealed from is accordingly affirmed.

— 120 —

Judgment affirmed.

January 22, 1912.